UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0222-TWP-DML |
| | ) | |
| MARCUS TRICE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 26, 2018, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 29, 2019, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 29, 2019, defendant Marcus Trice appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Michelle Brady, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Tim Hardy, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Trice of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Trice questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Trice and his counsel, who informed the court they had reviewed the Petition and that Mr. Trice understood the violations alleged. Mr. Trice waived further reading of the Petition.

3. The court advised Mr. Trice of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Trice was advised of the rights he would have at a preliminary hearing. Mr. Trice stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Trice of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against his unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Trice, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

> On December 10, 2018, Marcus Trice submitted a urine specimen which tested positive for cocaine. He denied use via Drug Admission/Denial Declaration form which he signed on December 20, 2018. The above drug screen was forwarded to Alere Laboratory for confirmation, and on December 23, 2018, the sample was confirmed positive for cocaine.
>
> On November 16, 2018, the offender submitted a urine specimen which tested positive for cocaine. He denied use, and the sample was forwarded to Alere Laboratory where it was confirmed positive for cocaine.
>
> As previously reported, on January 12, 2018, the offender submitted a urine specimen which tested positive for marijuana. He denied use, and the sample was forwarded to Alere Laboratory where it was confirmed positive for marijuana.
>
> As previously reported, on September 28, 2017, the offender submitted a urine sample which tested positive for cocaine. He admitted using cocaine on or about September 28, 2017.

6. The parties jointly moved to hold violation 2 in abeyance and the same was granted.

7. The Court placed Mr. Trice under oath and directly inquired of Mr. Trice whether he admitted violation 1 of his supervised release set forth above. Mr. Trice admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Trice's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of Mr. Trice's supervised release, therefore, is 12 -18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended to the Court a modification to Mr. Trice's conditions of supervised release to include residing at a residential reentry center for one-hundred and eighty (180) days.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the joint recommendation of the parties and the USPO, **NOW FINDS** that the defendant, MARCUS TRICE, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED**, to include the following condition:

> "You shall reside in a residential reentry center for a term of 180 days. You shall abide by the rules and regulations of the facility."

Counsel for the parties and Mr. Trice stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Trice entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above outlined recommendation modifying Mr. Trice's supervised release with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation. Mr. Trice is released on the terms of supervised release pending designation by the Federal Bureau of Prisons.

IT IS SO RECOMMENDED.

Date: February 15, 2019

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal