# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cr-00222-TWP-DML |
| | ) | |
| MARCUS TRICE, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Marcus Trice's ("Mr. Trice") *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Dkt. 113). Mr. Trice seeks to be released on September 2, 2020, and to be allowed to spend what would have been the last 90 days of his sentence in a halfway house or on home confinement. *Id.* Because Mr. Trice has not shown extraordinary and compelling reasons for a sentence reduction, his Motion must be **denied.**

## I. BACKGROUND

On January 17, 2020, the Court revoked Mr. Trice's supervised released and sentenced him to 15 months' imprisonment. (Dkts. 91, 95, 97.)[1] Judgment was entered on January 22, 2020. (Dkt. 97.)

On July 10, 2020, Mr. Trice filed a *pro se* motion that the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 111.) The Court concluded that the motion did not, on its face, show that Mr. Trice was entitled to compassionate release and

---

[1] Mr. Trice was afforded a hearing before the Magistrate Judge in which he admitted to several violations of supervised release, the most serious of which was escape from the residential reentry center. (*See* Dkt. 91.) The Court adopted the Magistrate Judge's Report and Recommendation of 15 months' imprisonment. (*See* Dkt. 97.)

denied the motion without prejudice.  (Dkt. 112.)  The Court informed Mr. Trice that he could file a renewed motion by completing and returning the Court's form for a compassionate release motion.  *Id.*  On July 27, 2020, Mr. Trice submitted a renewed motion by completing and returning the Court's compassionate release motion form.  (Dkt. 113.)  That motion is presently before the Court.[2]

## II.  DISCUSSION

Mr. Trice is 33 years old.  He is presently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana.  In his renewed motion, he asks that the Court allow him to serve the final 90 days of his sentence at a halfway house or on home confinement.  (Dkt. 113 at 4.)  Mr. Trice explains that he has been incident-free during his 8 months of incarceration and that he has completed several programs.  *Id.*  He states that his mother has declining health conditions and is at risk of being placed in a nursing home because she cannot take care of herself.  *Id.*  He proposes to go live with his mother so that he can be her caretaker.  *Id.* at 5.

18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,[3] whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction . . . and

---

[2] The Court concludes that it does not require a response brief from the United States to decide the issues presented by Mr. Trice's motion.

[3] In his renewed motion, Mr. Trice admits that he has not submitted a request for sentence reduction to the warden of his facility.  (Dkt. 113 at 3.)  Because, however, the face of his motion shows that he is not entitled to relief, the Court proceeds to the merits.

that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t).  It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  *Id.*  In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.  While that particular policy statement has not yet been updated to reflect that defendants (and not just the Bureau of Prisons ("BOP")) may move for compassionate release,[4] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction.  *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019).  There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings.  First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is

---

[4] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies.  *See* 132 Stat. at 5239 (First Step Act § 603(b)).

otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Trice is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)."[5] *Id.*, Application Note 1(D).

---

[5] The catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act to reflect the fact that defendants can now file motions directly in district court. "Accordingly, a majority of district courts have concluded that the 'old policy statement provides helpful guidance, [but] ... does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3[58]2(c)(1)(A).'" *United States v. Rodriguez*, __ F.Supp.3d __, 2020 WL 1627331, at *4 (E.D. Penn. 2020) (quoting *United States v. Beck*, 425 F.Supp.3d 573, 579 (M.D.N.C. 2019)) (collecting cases). Such courts conclude that they have the "discretion to assess whether [a defendant] presents 'extraordinary and compelling reasons' for his release outside of those listed in the non-exclusive criteria of subsections (A)-(C) of the old policy statement." *Id.* at *6; *see also United States v. McCarthy*, No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *4 n.5 (D. Conn. Apr. 8, 2020). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Trice's motion is due to be denied even if the Court assumes that the policy statement is not binding and that it has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

Mr. Trice does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does not. Mr. Trice has not claimed, let alone submitted evidence demonstrating, that he is the only person who is available to care for his mother. Notably, his Presentence Investigation Report ("PSR") indicates that he has one brother and one maternal step-sister. (Dkt. 30 at 14.) At the time the PSR was prepared in 2015, Mr. Trice's brother was living at home with Mr. Trice's mother. *Id.* at 15. In addition, even though Mr. Trice's parents had divorced, at the time the PSR was prepared, Mr. Trice's mother was still living with Mr. Trice's father. *Id.* Regardless, many inmates have aging and sick parents whom they might like to support. As a result, multiple courts have held that the desire to care for an elderly parent is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Crandle*, 2020 WL 2188865, at *3 & n.27 (M.D. La. May 6, 2020) (collecting cases); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). While the Court empathizes with Mr. Trice's desire to care for his ailing mother, it does not represent an extraordinary and compelling reason warranting release.

Mr. Trice is also to be commended for remaining incident-free and completing multiple programs during his incarceration. But rehabilitation alone cannot be an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

Given the Court's determination that Mr. Trice has not shown extraordinary and compelling reasons to justify his release, it does not need to decide whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release.

### III.  <u>CONCLUSION</u>

For the reasons stated above, Mr. Trice's Motion for Compassionate Release, (Dkt. [113]),

is **DENIED**.

**SO ORDERED.**

Date:  8/4/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Marcus Trice, #12052-028
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, Indiana  47808