UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:13-cr-00222-TWP-DML |
| | ) |
| MARCUS TRICE, | ) -01 |
| | ) |
| Defendant. | ) |

**<u>Order Denying Motion to Reconsider</u>**

On July 27, 2020, Defendant Marcus Trice filed a motion that the Court construed as a Motion for Compassionate Release under Section 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 113. In the motion, Mr. Trice asked the Court to release him so that he could care for his ailing mother. *Id.* In seeking compassionate release, he emphasized his efforts at rehabilitation. *Id.*

On August 4, 2020, the Court denied the motion. Dkt. 114. It found that Mr. Trice had not claimed or submitted any evidence establishing that he was the only person available to care for his mother and, regardless, that the desire to care for an aging or ailing parent was not an "extraordinary and compelling reason" warranting a sentence reduction under § 3582(c)(1)(A)(i). *Id.* at 5. It also concluded that, standing alone, rehabilitation cannot be an extraordinary and compelling reason warranting a sentence reduction. *Id.* Finally, it mentioned, in describing Mr. Trice's conviction, that he admitted several violations of supervised release, "the most serious of which was escape from the residential reentry center." *Id.* at 1 n.1.

After Mr. Trice's motion for compassionate release was denied he filed three letters with additional information in support of his motion. *See* dkts. 115, 116, 117. The Court construes Mr. Trice's August 26, 2020, letter as a motion to reconsider the Order denying his motion for

compassionate release. Dkt. 116. In the letter, Mr. Trice explains that his facility has recently experienced positive COVID-19 tests and that his facility is not taking adequate steps to combat the spread of the virus. *Id.* at 1–3. He also explains that his father, brother, and half-sister cannot care for his mother and, thus, that he is the only available caretaker for his mother. *Id.* at 3–4. Finally, he takes issue with the fact that he was charged with escaping from his residential reentry center and emphasizes that he has been incident-free and completed several programs since being incarcerated. *Id.* at 4.

Mr. Trice's letter presents no new arguments or facts that support his request for compassionate release and fails to show that the Court erred in concluding that extraordinary and compelling reasons do not support his request for compassionate release. The Court's reference to Mr. Trice's escape from the residential reentry center did not form the basis of its decision, and Mr. Trice's dispute about the facts of that escape does not affect the Court's consideration of his request for compassionate release. In addition, Mr. Trice has now claimed that he is the only available caregiver for his mother. But, as explained in the Court's August 4 Order, even if Mr. Trice is, in fact, the only available caregiver for his mother, the desire to care for an ailing parent is not an extraordinary and compelling reason warranting a sentence reduction because many inmates have aging and sick parents whom they might like to support. Dkt. 114 at 5.

Likewise, the fact that Mr. Trice's facility is experiencing positive COVID-19 tests and has not, in Mr. Trice's opinion, taken adequate steps to stop the spread of the virus is not an extraordinary and compelling reason warranting a sentence reduction. Mr. Trice does not allege that he has a medical condition that puts him at an increase risk of experiencing severe symptoms if he contracts COVID-19. *See* dkt. 113 at 5 (leaving blank question asking Mr. Trice to identify any medical diagnoses that are the basis of his motion). While the Court sympathizes with Mr. Trice's fear of contracting the virus, the general threat of contracting COVID-19 is not an

extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). As such, this Court has consistently denied motions for compassionate release from defendants—like Mr. Trice—who are not at an increased risk of developing severe symptoms if they contract COVID-19, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

Finally, while the Court applauds Mr. Trice for remaining incident-free and completing programming, as explained in the Court's August 4 Order, rehabilitation alone cannot be an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

Accordingly, Mr. Trice's motion to reconsider, dkt. [116], is **denied** and his post judgment letters do not entitle him to relief.

**IT IS SO ORDERED.**

Date: 9/8/2020

Distribution:

Marcus Trice
Reg. No. 12052-028
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

All Electronically Registered Counsel

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana